## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KALVITZ, | ) | CASE NO.: |
| | ) | |
| *Plaintiff*, | ) | HON. JUDGE |
| | ) | |
| -vs- | ) | |
| | ) | |
| CITY OF CLEVELAND, OHIO and | ) | |
| CLEVELAND POLICE OFFICERS | ) | |
| CHRISTOPHER D. RANDOLPH, | ) | |
| JEFFREY J. FOLLMER, and | ) | |
| STEVEN W. KINAS | ) | |
| . | ) | |
| *Defendants*. | ) | |

## COMPLAINT

Plaintiffs, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Robert Kalvitz is a resident of Cuyahoga County in the Northern District of Ohio.

3. Defendant City of Cleveland, Ohio is a municipality of the State of Ohio.

4. Defendants Christopher D. Randolph, Jeffrey J. Follmer, and Steven W. Kinas were at all times relevant police officers employed by Defendant City of Cleveland

in the Cleveland Department of Police ("CDP") and were acting under color of their office.

5. On December 4, 2014, the United States Department of Justice (hereinafter "DOJ") found after an investigation that systemic deficiencies in the operational and structural areas of the CDP, including its accountability systems, were a cause for a pattern or practice of the use of excessive and unreasonable force by CDP police officers.

6. The DOJ found that Cleveland police officers violate basic constitutional precepts in their use of deadly and less lethal force at a rate that is highly significant. The DOJ further found that Cleveland police officers frequently resort to a type of force that is unreasonable in light of the resistance or threat encountered.

7. The above referred pattern and practice of the use of excessive and unreasonable force was a motivating factor in the wrongful acts of Defendants Randolph, Follmer, Kinas to inflict serious personal injuries on Plaintiff while acting under color of their office as CPD police officers.

8. Plaintiff Robert Kalvitz was employed by the City of East Cleveland, Ohio as a police officer from 1978 through 1994.

9. After receiving many commendations and having attained the rank of homicide detective, Kalvitz became unable to work as a police officer because of work-related post-traumatic stress disorder; Kalvitz is presently retired on a disability pension.

10. On May 17, 2014, the Greater Cleveland Police Memorial Society hosted an annual event to honor police officers who had died in the line of duty.

11. The event was held at the "Zone Car Lounge," a members-only lounge operated by the Cleveland Police Patrolmen's Association.

12. Plaintiff lawfully attended the memorial event at the Zone Car Lounge.

13. At the memorial event, several police officers employed by the City of Detroit, Michigan initiated a verbal altercation with Plaintiff.

14. Defendants Randolph, Follmer, Kinas, and other Cleveland police officers, whose names are presently unknown to Plaintiff, acting under color of their office as Cleveland police officers, intervened in the verbal altercation:

   a. Defendant Randolph told Plaintiff that he was under arrest, placed handcuffs on Plaintiff's wrists, and then used excessive and unreasonable form to slam Plaintiff's lower back to the floor while he twisted Plaintiff's hands and arms behind his back.

   b. After Defendant Randolph had pushed Plaintiff to the floor, and while Plaintiff was handcuffed, one or more of Defendants Randolph, Follmer, and Kinas slammed Plaintiff's head into the concrete floor and punched and kicked Plaintiff about his head, face, and body while he lay on the floor.

   c. While using the above described excessive and unreasonable force, one or more of Defendants Randolph, Follmer, and Kinas told Plaintiff that he should stop resisting arrest.

15. While Plaintiff lay on the floor, Defendant Randolph searched Plaintiff and seized Plaintiff's driver's license and his watch. Defendant Randolph did not have a lawful basis to search Plaintiff.

16. Defendant Randolph did not have a lawful basis to seize Plaintiff's driver's license or watch.

17. After using the above described excessive and unreasonable force against Plaintiff, Defendants Randolph, Follmer, Kinas dragged Plaintiff out of the Zone Car Lounge onto an alley in the public way.

18. The excessive and unreasonable force used against Plaintiff by Defendants Randolph, Follmer, Kinas, and other Cleveland police officers, whose names are presently unknown to Plaintiff was carried out in accordance with the above described widespread policy within the Cleveland police department and caused Plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States.

19. Plaintiff promptly received medical treatment for the serious personal injuries he had received and was treated for Mild Closed Impact Traumatic Brain Injury, ocular fracture with subsequent vitreous defect, sinus trouble from gouged nostrils, broken rib, torn rib cartilage, two hematomas on his chest, liver trauma, severe testicular swelling and bruising, multiple lacerations and contusions. The injuries, which have not resolved, required that Plaintiff undergo ophthalmic plastic surgery to his left eye. Plaintiff continues to experience severe pain because of the injuries he received on May 17, 2014. In addition, as a result of the incident, Plaintiff suffered an exacerbation of his pre-existing post-traumatic stress disorder.

20. Plaintiff hereby demands trial by jury.

-5-

WHEREFORE Plaintiff prays for such compensatory damages as the jury may award against all Defendants and for appropriate punitive damages against Defendants Randolph, Follmer, Kinas.

/s/*Sarah Thomas Kovoor*
Sarah Thomas Kovoor (0069223)
Ford, Gold, Kovoor & Simon, Ltd.
8872 East Market Street
Warren, OH 44484
P: (330) 856-6888 F: (330) 856-7550
E: sarah.thomas.kovoor@gmail.com

Kenneth N. Flaxman
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
*Attorneys for Plaintiff*