IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KALVITZ, | ) | CASE NO. 1:16-cv-00748 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | **DEFENDANT CITY OF** |
| | ) | **CLEVELAND'S TRIAL BRIEF** |
| CITY OF CLEVELAND, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the Court's Civil Trial Order (i.e., [Doc. 55]), Defendant City of Cleveland submits its Trial Brief for the July 15, 2019 trial date.

### I.  Factual Synopsis.

In this case, Plaintiff Robert Kalvitz, a retired City of East Cleveland police detective, is asserting a federal civil rights claim against three Cleveland police officers (Christopher Randolph, Jeffrey Follmer, and Steven Kinas) for an alleged use of force incident that allegedly occurred on Saturday, May 17, 2014, when the officers were off duty. The sole claim alleged in the Complaint is asserted under 42 U.S.C. § 1983 for the use of excessive force. Kalvitz also seeks to hold the City of Cleveland liable under the legal standards for municipal liability established by *Monell v. New York City Dep't of Soc. Servs* , 436 U.S. 658, 690 (1978).

The claims in this lawsuit arise out of an annual event hosted by the Greater Cleveland Police Memorial Society in conjunction with the national Police Week and the national Peace Officers Memorial Day in 2014. Police Week in 2014 was from Sunday, May 11, 2014 through Saturday, May 17, 2014. On May 16, 2014 and/or May 17, 2014, the Greater Cleveland Police Memorial Society hosted its 29th annual commemoration event to honor police officers who had died in the line of duty. The event was held at the Zone Car Lounge, a member-only, private

lounge – i.e., a non-public bar – owned and operated by the Cleveland Police Patrolmen's Association. Plaintiff alleges Defendants Christopher Randolph, Jeffrey Follmer, and Steven Kinas acted as Police Officers and used excessive and unreasonable less lethal force against him inside the Zone Car Lounge when they allegedly subdued and one of them handcuffed Plaintiff shortly after midnight on May 17, 2014 when Plaintiff pulled a knife on a Detroit police sergeant. Plaintiff and the three Individual Defendants – Randolph, Follmer, and Kinas – dispute the events which led up to the alleged use of less lethal force incident. The Individual Defendants – Randolph, Follmer, and Kinas – deny they used any force, let alone, excessive and unreasonable force, against Plaintiff Kalvitz during the evening of May 16, 2014 or the early hours of May 17, 2014.

The City, in turn, denies that it is liable for any of the actions taken by Defendants Randolph, Follmer, and Kinas even if Plaintiff proves that those actions did occur on the date in question. First, the City denies that the officers were acting under "color of law" for purposes of Section 1983 liability, and second, contends that Plaintiff cannot establish the legal standards that govern *Monell* liability. In this regard, the City anticipates that Plaintiff will attempt to establish *Monell* liability by utilizing a United States Department of Justice Report dated December 4, 2014 as it did during the summary judgment phase of this case.

**II.     Law and Argument.**

In order to establish any liability under 42 U.S.C. § 1983, there first must be a finding that the accused individual was acting "under color of law." *See, e.g.*, *Waters v. City of Morristown*, TN, 242 F.3d 353, 359 (6th Cir. 2001) (internal citation omitted). Not every action undertaken by a person who happens to be a police officer is attributable to the state. The acts of state officials "in the ambit of their personal pursuits" do not constitute state action. *Id*. The key

determinant is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law.  *Id*.

In this case, at the summary judgment stage, the Court concluded there was a material dispute of fact regarding whether any of the Individual Defendants were acting under color of law at the time of alleged use of less lethal force. [Doc. 40], at PageID #463.  At trial, from a totality of the circumstances, the evidence will show that each Individual Defendant did not use any force to arrest Kalvitz, and, if they used any less lethal force upon Plaintiff, did not do so in his capacity of a City police officer.  Rather, if one or more of the Individual Defendants used less lethal force upon Plaintiff, he did so in his individual capacity..

Even if Kalvitz can establish at trial that the officers used excessive force and acted under color of state law, the City of Cleveland still would not be liable for the alleged use of force under *Monell*.  *Monell* liability cannot be established via vicarious liability or *respondeat superior*.  *Monell v. New York City Dep't of Soc. Servs* , 436 U.S. 658, 690 (1978).  As such, there are four methods available to establish *Monell* liability.  In particular, "a plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following:  (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *E.g.*, *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013).  In opposing the City's summary judgment motion, Plaintiff indicated he was attempting to establish *Monell* liability by way of the fourth method (i.e., a "'custom of tolerance or acquiescence' toward excessive force caused the Officers to use excessive force against him"). [Doc. 40], at PageID #466 (internal citations omitted).

In order to establish *Monell* liability under the fourth method, Kalvitz must prove, by a preponderance of the evidence, that the City of Cleveland had an official policy or custom that was the actual cause of the alleged constitutional violation. The alleged "custom" cannot be based upon a single incident of wrongdoing, but must be "so widespread, permanent, and well settled as to have the force of law." *Jones v. Muskegon Cty.*, 625 F.3d 935, 947 (6th Cir. 2010); *see also Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) (holding that a policy or custom under *Monell* "cannot be established solely by a single instance of an employee's alleged misconduct"). Moreover, Kalvitz must prove, by a preponderance of the evidence, that the City acted with "deliberate indifference," which "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 1996). In so doing, Plaintiff must prove that the alleged custom was the actual cause or "moving force" behind the alleged constitutional violation. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

At the summary judgment stage, Plaintiff relied solely upon the DOJ Report to establish *Monell* liability. Although this Court held that the DOJ Report was admissible at the summary judgment stage as an exception to the hearsay rule (PageID #467), it is the City of Cleveland's position that the DOJ Report is not sufficient to establish *Monell* liability.. Indeed, given the limited nature of the statements and findings in the DOJ Report (which are denied by the City of Cleveland), it is the City's position that the DOJ Report, in and of itself, is inadmissible under Evid.R. 401, because it is neither relevant nor probative of any of the required elements for *Monell* liability, and, even if probative of one or more of the elements, would be inadmissible under Evid.R. 403, because its probative value is outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, or misleading the jury.

4

**III.     Anticipated Evidentiary Issues**.

The City does not anticipate any evidentiary issues regarding the evidence that the City intends to introduce in defense of the alleged *Monell* claim, but it does anticipate authentication, admissibility, hearsay, and possibly other evidentiary issues pertaining to the medical records, medical invoices, *Monell*-based evidence, and possible expert testimony Plaintiff seeks to admit or otherwise utilize during trial.

>Respectfully submitted,
>
>BARBARA A. LANGHENRY (0038838)
>Director of Law
>
>s/William M. Menzalora
>William M. Menzalora (0061136)
>Chief Assistant Director of Law
>City of Cleveland, Department of Law
>601 Lakeside Avenue, Room 106
>Cleveland, Ohio  44114
>Tel: (216) 664-2800
>wmenzalora@city.cleveland.oh.us
>
>s/Stephen W. Funk
>Stephen W. Funk (0058506)
>Roetzel & Andress, L.P.A.
>222 South Main Street
>Akron, Ohio 44308
>Tel: (330) 376-2700
>sfunk@ralaw.com
>
>Attorneys for Defendant City of Cleveland

**CERTIFICATE OF SERVICE**

    I certify that on July 8, 2019, the above document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                        s/William M. Menzalora
                                                        WILLIAM M. MENZALORA