IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KALVITZ, | ) | CASE NO.: 1:16-cv-00748 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, OHIO ET. AL., | ) | **DEFENDANTS CHRISTOPHER D.** |
| | ) | **RANDOLPH, JEFFREY J.** |
| Defendant. | ) | **FOLLMER, AND STEVEN W.** |
| | ) | **KINAS' JOINT TRIAL BRIEF** |
| | ) | |
| | ) | |

Defendants Christopher D. Randolph, Jeffrey J. Follmer, and Steven W. Kinas (hereinafter "individual Defendants"), by and through undersigned counsel, hereby submit their Joint Trial Brief in the above captioned matter:

## I.    INTRODUCTION AND FACTS.

On March 26, 2016, Plaintiff Robert Kalvitz filed a Complaint against individual Defendants Christopher Randolph, Jeffrey Folmer, Steven Kinas and the City of Cleveland seeking compensatory damages from all Defendants and punitive damages from the individual Defendants pursuant to 42 U.S.C. § 1983. Kalvitz vaguely alleged in his Complaint that the named individual Defendants were acting as Cleveland Police Officers and deprived him of his rights under the Fourth Amendment of the U.S. Constitution by using excessive and unreasonable force on May 17, 2014 and that the City of Cleveland is liable pursuant to *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

The Cleveland Police Patrolmen's Association operates a private bar called the Zone Car Lounge. The individual Defendants were all off-duty working at the Zone Car Lounge for police

1

memorial week at the time of the incident. Police Memorial Week in 2014 was from Sunday, May 11, 2014 through Saturday, May 17, 2014. At the Zone Car Lounge on May 16, 2014, the Greater Cleveland Police Memorial Society hosted its 29th annual commemoration event to honor police officers who had died in the line of duty.

Off-duty Cleveland Police Officers Christopher Randolph, Jeffrey Folmer, and Steven Kinas vehemently deny the allegations stated in the Plaintiff's Complaint, which is supported by numerous witnesses that were present.  Kalvitz was extremely intoxicated at the Zone Car Lounge on May 16-17, 2014. While intoxicated, Kalvitz brandished a knife and makeshift weapon consisting of a padlock tied to a handkerchief in the crowded bar. Kalvitz began to start altercations with various patrons in the Zone Car Lounge. Kalvtiz then approached a group of African American police officers from Detroit, Michigan and initiated an additional altercation. Kalvitz used racially motivated terminology towards the Detroit Officers, including the N-word. A nearby FBI Special Agent intervened in an attempt to de-escalate the situation. At that point, Kalvitz turned into attack mode and brandished his weapons at the Officers in the crowded bar. As a direct result of his actions, Kalvitz was disarmed and taken to the ground. Kalvitz was handcuffed by an unknown individual, not any of the individual Defendants, and taken up the back stairs and outside the Zone Car Lounge. None of the individual Defendants had any interactions with Kalvitz during this time or used any force whatsoever on Kalvitz. Further, there is no evidence that Defendants Randolph, Follmer, or Kinas were acting under color of state law on May 17, 2014.

The handcuffs were removed and Kalvitz was placed in a large passenger van to be taken home due to his state of intoxication, prior to the arrival of a Cleveland Police cruiser. Kalvitz was taken by the passenger van to Fairview Hospital for medical treatment. Kalvitz arrived at

Fairview Hospital at approximately 12:50 a.m. on May 17, 2014. Kalvitz was treated and released from Fairview Hospital for minor injuries and severe alcohol intoxication. Kalvitz's ethanol reading at 1:22 a.m. was abnormal, at 244, which converts to a Blood Alcohol Concentration (BAC) of .244.

Cleveland Police responded to the scene after being dispatched to the Zone Car Lounge to respond to a Code 1 complaint for a male threatening with a knife. Ultimately, the Detroit Police Officer(s) declined to press charges against Kalviz and he was not placed under arrest.

## II.      APPLICABLE LAW.

The evidentiary issues likely to arise at trial are fully briefed in the individual Defendants' Motions in *Limine*. The parties are awaiting the rulings from the court.

In a § 1983 action the plaintiff must prove that the defendant intentionally committed acts that deprived him of a right secured by the "Constitution and laws" of the *United States. Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970); *Stemler v. City of Florence*, 126 F.3d 856, 869 (6th Cir. 1997) (citing *Lewellen v. Metropolitan Gov't*, 34 F.3d 345, 351 (6th Cir. 1994) ("What seems to be required is an intentional infliction of injury….")). To prevail on a claim brought under 42 U.S.C. § 1983, a plaintiff must prove (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of law. *Webb v. United States,* 789 F.3d 647, 659 (6th Cir. 2015).  Further, each defendant's liability must be assessed individually, based on his or her own actions." *Dorsey v. Barbe*r, 517 F.3d 389, 399 (6th Cir. 2008).

Individual Defendants Follmer, Kinas and Randolph state that they were not acting under color of law and as such, Kalvitz's § 1983 claim initially fails because a required element of his claim has not been met. "A threshold issue in any 42 U.S.C. § 1983 action is whether there is any

3

'state action' involved." *Pickard v. City of Girard*, 70 F.Supp.2d 802, 805 (N.D.Ohio 1999). "A defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law. *McNeese v. Vandercook*, 173 F.3d 429 (6th Cir. 1999) (deputy sheriff who struck a fellow deputy did not act under color of state law); See also, *Delcambre v. Delcambre*, 635 F.2d 407 (5th Cir. 1981) (alleged assault by on-duty police chief at police station did not occur under color of state law because altercation with plaintiff, defendant's sister-in-law, arose out of a personal dispute and defendant neither arrested nor threatened to arrest the plaintiff); *Hunte v. Darby Borough*, 897 F.Supp. 839 (E.D. Pa. 1995) (off-duty police officer's intervention in an altercation was not under color of state law because the officer was not in uniform, did not display badge, did not identify himself as a police officer and did not attempt to arrest anyone).

Individual Defendants Follmer, Kinas and Randolph also state that they did not use any force against Kalvitz, let alone unreasonable and excessive force.  The Supreme Court has held that force used by an officer must be reasonable. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The Court has cautioned that "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. In considering whether a police officer acted reasonably, the Court must particularly "consider the difficulties of modern police work." *Smith v. Freland*, 954 F.2d 343, 346 (6th Cir. 1992). As the *Smith* court noted, "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id*. at 346-47 (citing *Graham*, 490 U.S. at 396-97).

4

Although the individual Defendants deny using any force against Kalvitz, it should be noted that Kalvitz brandished a deadly weapon during a verbal and physical dispute in a crowded bar while intoxicated. His brief detention, once again not done by the individual Defendants, was legally justified based upon his criminal acts. Kalvitz's admission of getting involved in an altercation when he was in possession of a knife, i.e. a deadly weapon, justifies police response. *See In re Fortney*, 832 N.E.2d 1257, 1268–69 (Ohio Ct. App. 2005). Kalvitz will fail to meet his burden of showing that individual Defendants Jeffrey Folmer, Steven Kinas, or Christopher Randolph violated Kalvitz's constitutional rights on May 17, 2014.

Respectfully submitted,

/s/ Marisa L. Serrat_____
MARISA L. SERRAT
Attorney at Law (#0088840)
55 Public Square
2100 Illuminating Building
216-696-2150
Mserratlaw@gmail.com
**Counsel for Steven Kinas**

/s/ Henry Hilow_____
HENRY J. HILOW
Attorney at Law (#0019601)
614 W Superior Ave Ste 1300
Cleveland, OH 44113
216-344-9220
hhilow@mghslaw.com
**Counsel for Jeffrey Follmer**

/s/ Keith R. Wolgamuth_____
Keith R. Wolgamuth (0015565)
Keith R. Wolgamuth Company L.P.A.
1450 Hinckley Hills Road
Hinckley, Ohio 44233-9716
Telephone: (330) 962-3815
Facsimile: (775) 640-0873
Email: krwolg@aol.com
**Counsel for Christopher Randolph**

## CERTIFICATE OF SERVICE

I certify that on July 8, 2019 a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

/S/ MARISA SERRAT_____
**MARISA SERRAT (0088840)**