IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Kalvitz, | ) | Case No: 1:16-cv-748 |
| | ) | |
| Plaintiff, | ) | *(Judge Solomon Oliver, Jr.)* |
| | ) | |
| -vs- | ) | |
| | ) | |
| City of Cleveland, Ohio, et al., | ) | **Plaintiff's Trial Brief** |
| | ) | |
| Defendants. | ) | |

### I. Synopsis of Facts

Plaintiff will prove his claims under 42 U.S.C. § 1983 by his testimony about the events of May 16, 2014 at the the Zone Car Lounge.

The Zone Car Lounge is a private club operated by the Cleveland Police Patrolmen's Association that serves alcohol. On May 16, 2014, plaintiff, a retired police officer, was attending a memorial celebration at the Zone Car Lounge that was part of the National Police Week and Peace Officers Memorial Day.

Defendants Follmer, Kinas, and Randolph were also at the celebration. Defendant Kinas was president of the union in 2014. Plaintiff expects

Kinas to testify as he did at his deposition, that there has been at least one fight at the lounge at each of these celebrations. These fights were broken up by union members and resolved without arrest.

Plaintiff will testify that he had an altercation with a police officer from Detroit, Michigan which resulted in plaintiff on the floor, facing upwards. Defendants Kinas and Randolph came on the scene, identified themselves as Cleveland Police officers, and each stated that he would handle the situation because "We're Cleveland."

Defendants Randolph and Kinas then beat, struck, and kicked plaintiff while he was on the floor. Defendant Randolph told plaintiff he was under arrest; defendants Randolph and Kinas turned plaintiff onto his stomach. Defendant Randolph then handcuffed plaintiff. Defendants Randolph, Kinas, and Follmer carried plaintiff out of the Lounge to the alley where they threw plaintiff against a concrete wall and to the ground.

Plaintiff will testify that defendants Randolph, Kinas, and Follmer were each wearing a black holster containing a black semi-automatic weapon and defendants Follmer and Kinas were each wearing a police badge clipped to his waist.

Plaintiff received a head injury, broken cheekbone, broken ribs, and injuries to his elbow and left eye. Dr. Christopher Murphy treated plaintiff at the emergency room and is expected to testify to his medical condition.

In addition to this evidence about the conduct of defendants Follmer, Kinas, and Randolph, plaintiff will also rely on a report prepared by the United States Department of Justice. On December 4, 2014, the United States Department of Justice ("DOJ") found after an investigation that systemic deficiencies in the operational and structural areas of the Cleveland Division of Police ("CDP"), including its accountability systems, caused a pattern or practice of the use of excessive and unreasonable force by CDP police officers.

The DOJ found that Cleveland police officers violate basic constitutional precepts in their use of deadly and less lethal force at a rate that is highly significant. The DOJ further found that Cleveland police officers frequently resort to a type of force that is unreasonable in light of the resistance or threat encountered.

## II. Controlling Law

Plaintiff alleges violations of the Fourth Amendment to the United States Constitution:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Plaintiff brings his claims under 42 U.S.C. § 1983, which provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To hold defendant Cleveland liable, plaintiff will show that he was harmed because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff will meet this standard by relying on the DOJ report to demonstrate "the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). (The Court held in its summary judgment ruling that the DOJ report is admissible for this purpose. *Kalvitz v. City of Cleveland*, No. 1:16 CV 748, 2017 WL 6805678, at *12 (N.D. Ohio Oct. 16, 2017).)

To hold the individual defendants liable, plaintiff will prove "(1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). The

-4-

right at issue is the Fourth Amendment's protection against the unreasonable use of force. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). As the Sixth Circuit explained in this case, "officers cannot use heightened levels of force against an individual who is not resisting and poses no threat." *Kalvitz v. City of Cleveland*, 763 F. App'x 490, 494 (6th Cir. 2019).

The Sixth Circuit also explained the contours of the second element of plaintiff's claim, whether the deprivation was under color of law:

> As the district court correctly explained, whether an official's conduct amounts to state action under § 1983 boils down to whether it is "fairly attributable" to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (internal quotation marks omitted). "Section 1983 is generally not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." [*Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001)] (citing *West v. Atkins*, 487 U.S. 42, 49–50 (1988)). The critical question is "whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law." *Id.* And to answer that question, courts look at multiple factors, including how the officer was dressed, whether he was on duty, whether he displayed his badge, whether he announced himself as an officer, and whether he arrested or attempted to arrest anyone. *See Swiecicki v. Delgado*, 463 F.3d 489, 496 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007); *Parks v. City of Columbus*, 395 F.3d 643, 652 (6th Cir. 2005).

*Kalvitz v. City of Cleveland*, 763 F. App'x 490, 495–96 (6th Cir. 2019).

### III. Evidentiary Issues Likely to Arise at Trial

Plaintiff's Motions in Limine raise hearsay issues that may arise in testimony at trial. The defendants are likely to seek to rely on police reports that contain hearsay and which were not prepared by the individual defendants. The Court should bar this evidence.

In addition, the individual defendants provided a preliminary witness list on July 4, 2019, which includes eight witnesses who had not previously been identified. In response to plaintiff's query about the timeliness of this disclosure, defense counsel responded on July 5, 2019 that these eight witnesses "just came forward and were previously unknown to the individual Defendants." The Court should bar these surprise witnesses.

Respectfully submitted,

| | |
|---|---|
| /s/ <u>Joel A. Flaxman</u><br>Joel A. Flaxman<br>Kenneth N. Flaxman<br>200 S Michigan Ave, Ste 201<br>Chicago, IL 60604<br>knf@kenlaw.com<br> jaf@kenlaw.com<br>*(admitted pro hac vice)* | Sarah Thomas Kovoor (0069203)<br>Thomas D. Lambros (0049206)<br>Kovoor Law, LLC.<br>155 South Park Avenue, Ste 165<br>Warren, OH 44481<br>sarah.thomas.kovoor@gmail.com |

*attorneys for plaintiff*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2019, I electronically filed the foregoing.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

/s/  Joel A. Flaxman
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
*(admitted pro hac vice)*
