IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KALVITZ, | ) | CASE NO.: 1:16-cv-00748 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, OHIO ET. AL., | ) | **DEFENDANTS CHRISTOPHER D.** |
| | ) | **RANDOLPH, JEFFREY J.** |
| Defendant. | ) | **FOLLMER, AND STEVEN W.** |
| | ) | **KINAS' RESPONSE TO** |
| | ) | **PLAINTIFF'S OBJECTIONS TO** |
| | ) | **INDIVIDUAL DEFENDANTS'** |
| | ) | **WITNESSES** |

Now comes Defendants Christopher D. Randolph, Jeffrey J. Follmer, and Steven W. Kinas (hereinafter "individual Defendants"), by and through undersigned counsel, and hereby respectfully request that this Honorable Court permit all of the individual Defendants' witnesses to testify at trial.

Since the commencement of this case, all three (3) of the individual Defendants have strongly maintained the position that none of them were present during the Plaintiff's allegations in the Complaint. As a result of them not being present when the Plaintiff was disarmed, detained and removed from the bar, none of the individual Defendants have personal knowledge as to who performed the acts the Plaintiff alleged occurred on May 17, 2014.

The individual Defendants initial disclosures dated July 29, 2016 stated in part, "Defendants anticipate that additional individuals who may have relevant information, including other employees of the Zone Car Lounge, will be identified as discovery continues and will supplement at that time." Pursuant to Civ. R. 26 and the Defendants' duty to supplement, on July

1

4, 2019, immediately upon learning of new fact witnesses that are crucial to the truth in this case, the individual Defendants' provided Plaintiff's counsel with the name, contact information, and description of testimony of the newly discovered fact witnesses. In its disclosure, the individual Defendants stated "the individual Defendants will continue to supplement their witness list immediately upon learning of any additional witnesses pursuant to the Court's Order."

Counsel for the Plaintiff did not conduct any fact depositions or discovery in this case, outside of the individual Defendants. Counsel for the Plaintiff has not spoken to any of the Defendants' witnesses, even those that were named in the parties initial disclosures in 2016. Upon disclosing these additional witnesses, counsel for the Plaintiff has made no effort to speak to these witnesses. Prior to its disclosure to the Plaintiff, the individual Defendants did not know the identity of the witnesses as they were not present during the allegations in the Plaintiff's Complaint.

In the process of preparing for trial, two (2) of the individuals that disarmed and detained the Plaintiff for his actions in the Zone Car Lounge came forward, FBI Special Agent Kerry McCafferty and FBI Special Agent Kristen McCaskill. Both of these Special Agents, along with other member(s) of the FBI, disarmed the Plaintiff and took him to the ground after he tried to attack the Detroit Officers/FBI Special Agent McCafferty. The Special Agents removed the very intoxicated Plaintiff from the Zone Car Lounge, who was armed with a knife and a makeshift weapon of a padlock tied to a handkerchief, after he tried to attack the patron(s) and used racially inappropriate language. Both Special Agents reported this incident to their supervisor the day after it occurred. Special Agent McCafferty's wife observed the entire incident. The remainder of the witnesses are Cleveland Police Officers that were present at the Zone Car Lounge and had interactions with the very intoxicated Plaintiff on May 16-17, 2014 that only recently came

forward after learning this case was going to trial. Despite their efforts in previously trying to identify who was present in the crowded Zone Car Lounge that evening, the individual Defendants did not have any knowledge of theses witnesses prior to their disclosure to the Plaintiff.

Contrary to the Plaintiff's allegation, Civil Rule 37(c) does not have a "mandatory" provision barring the introduction of witnesses that were previously unknown to the parties. The rule states:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**.

Counsel for the individual Defendants provided the Plaintiff with the names, contact information, and description of the newly discovered witnesses' testimony as soon as it was available, supplementing its previous R. 26 responses. Here, the individual Defendants' disclosures were substantially justified because they were not present at the time of the actions in the Plaintiff's Complaint. None of the individual Defendants know the FBI Special Agents. Until the FBI Special Agents independently came forward upon learning that this case was going to trial, there was no way for the individual Defendants to have known their identity. In addition, the testimony of the FBI Special Agents as fact witnesses is crucial to the defense in this case, as they were the individuals that lawfully took the Plaintiff to the ground, disarmed him, and removed him from the Zone Car Lounge, not the individual Defendants. With regards to the second prong, as described above, the Plaintiffs have suffered no harm, as they have not taken the deposition of, or spoken to, any of the other fact witnesses in this case. The Plaintiff was not

deprived of any opportunity because the record shows that they have not attempted to speak to or depose any of the previously disclosed fact witnesses, making the recent disclosure of new witnesses harmless.

The individual Defendants disclosed these individuals with relevant and crucial fact testimony as soon as they came forward. The individual Defendants failure to previously disclose these witnesses was substantially justified, as they were not known to the individual Defendants, and was harmless. As a result, all of the individual Defendants' witnesses should be permitted to testify at trial in the interest of justice.

Respectfully submitted,

/s/ Marisa L. Serrat_____
MARISA L. SERRAT
Attorney at Law (#0088840)
55 Public Square
2100 Illuminating Building
216-696-2150
Mserratlaw@gmail.com
**Counsel for Steven Kinas**

/s/ Henry Hilow_____
HENRY J. HILOW
Attorney at Law (#0019601)
614 W Superior Ave Ste 1300
Cleveland, OH 44113
216-344-9220
hhilow@mghslaw.com
**Counsel for Jeffrey Follmer**

/s/ Keith R. Wolgamuth_____
Keith R. Wolgamuth (0015565)
Keith R. Wolgamuth Company L.P.A.
1450 Hinckley Hills Road
Hinckley, Ohio 44233-9716
Telephone: (330) 962-3815
Facsimile: (775) 640-0873
Email: krwolg@aol.com
**Counsel for Christopher Randolph**

## CERTIFICATE OF SERVICE

    I certify that on July 14, 2019 a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              Respectfully submitted,

                                              /S/ MARISA SERRAT \_\_\_\_
                                              **MARISA SERRAT (0088840)**